IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER AUTHORIZING THE ) <br> INSTALLATION AND USE OF PEN ) <br> REGISTERS AND TRAP AND ) <br> TRACE DEVICES ) | MAGISTRATE NO. 16-550 <br> **UNDER SEAL** |

## APPLICATION

The United States of America, moving by and through Conor Lamb, its undersigned counsel, respectfully submits under seal this ex parte application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from T-Mobile on **347-849-2550**, utilized by Angelo EVERETT. In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Drug Enforcement Administration.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## THE RELEVANT FACTS

7. The United States government, including the Drug Enforcement Administration, is investigating violations of federal narcotics laws. The investigation concerns possible violations by Angelo EVERETT and others of Title 21, United States Code, Sections 841(a)(1), and 846, specifically heroin distribution.

8. The conduct being investigated involves use of **347-849-2550** by Angelo EVERETT in the ongoing illegal drug activities. To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that cell phone number. The requested information will assist in identifying distributors, customers, suppliers and coconspirators.

9. The pen-trap devices sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from **347-849-2550**, including the date, time, and duration of the communication, and the following, without geographic limit:

   a) IP addresses associated with the cell phone device or devices used to send or receive electronic communications;

   b) Any unique identifiers associated with the cell phone device or devices used to make and receive calls with **347-849-2550** or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN;

    c)    IP addresses of any websites or other servers to which the cell phone device or devices connected; and

    d)    Source and destination telephone numbers and email addresses.

## GOVERNMENT REQUESTS

For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from, **347-849-2550**, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

10. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

11. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order T-Mobile and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the Drug Enforcement Administration, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

It is believed that, in order to properly evaluate the information gained through use of the registering device, it will be necessary that T-Mobile and other pertinent electronic

communication service providers (including Cingular Wireless, T-Mobile USA, Verizon Wireless, Verizon, Inc. - PA, Verizon, Inc. - NY, Verizon, Inc. - MD, Verizon, Inc. - NJ, Verizon South Inc., Pacific Bell, Pacific Bell Wireless, Quest Corporation, Sprint Spectrum, L.P., Sprintnet, Bell South, Comcast Cable Communications, Virgin Mobile, AT&T Wireless, MCI, MCI Worldcom Wireless, TSR Wireless, Arch Wireless Hldgs, SWB PacBell, Metro PCS, Cellular One, and Page Plus Communications) provide the Drug Enforcement Administration with subscriber information for any and all telephone numbers, both published and non-published, which are identified by use of said registering device, as well as any custom calling feature such as speed dialing and call forwarding information for such telephone numbers. A United States Magistrate Judge may order disclosure of such information pursuant to Title 18, United States Code, Sections 2703 (c)(1)(B) and (d).

12. The United States further requests that the Court order T-Mobile and any other person or entity whose assistance may facilitate execution of this Order to notify the Drug Enforcement Administration of any changes relating to **347-849-2550**, and to provide prior notice to the Drug Enforcement Administration before terminating or changing service to the cell phone number.

13. The United States further requests that the Court order that the Drug Enforcement Administration and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

14. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order T-Mobile and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly,

by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, unless and until authorized by this Court, except that T-Mobile may disclose this Order to an attorney for T-Mobile for the purpose of receiving legal advice.

15. The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

16. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with certified copies of this application and Order, and provide copies of this Order to the Drug Enforcement Administration and T-Mobile upon request.

17. The foregoing is based on information provided to me in my official capacity by agents of the Drug Enforcement Administration.

*/s/ Conor Lamb*
CONOR LAMB
Assistant United States Attorney
700 Grant Street, Suite 4000
U.S. Courthouse & Post Office
Pittsburgh, PA 15219
PA ID No. 304874